**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COX INDUSTRIAL EQUIPMENT COMPANY, INC. and STEPHEN COX,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:05CV935-DJS |
| **ANGELA SMILEY, MICHAEL SMILEY and JOHN SMILEY,** | ) ) ) | |
| Defendants. | ) ) | |

<u>ORDER</u>

Plaintiffs Cox Industrial Equipment Company, Inc. and Stephen Cox allege in their first amended complaint that they contracted with defendants and their company, American Payroll Systems, for payroll services. Plaintiffs further allege that from 1999 through 2003 defendants used their access to plaintiffs' bank account to divert substantial sums of money for their personal use rather than to pay plaintiffs' federal tax liabilities, resulting in plaintiffs' receipt of an Internal Revenue Service notice of intent to levy, based on an outstanding tax liability of more than $400,000. The first amended complaint asserts racketeering claims (Counts I and II), as well as claims for breach of contract (Count III), breach of fiduciary duty (Count IV) and fraud (Count V). The matter is now before the Court on defendants' motion to dismiss plaintiffs' first amended complaint.

The Court's subject matter jurisdiction is predicated upon the existence of federal question jurisdiction over the RICO[1] claims in Counts I and II. Defendants argue that these claims should be dismissed for failure to state a cause of action under RICO. Count I asserts a claim under 18 U.S.C. §1962(c), alleging defendants' conduct and participation in a RICO enterprise through a pattern of racketeering activity. Count II asserts a claim under §1962(d) alleging defendants' conspiracy in a RICO enterprise through a pattern of racketeering activity.

The RICO enterprise alleged for each count is the corporation American Data Systems, Inc. ("ADS"), which does business as American Payroll Systems. Defendant Angela Smiley is alleged to be the President, Secretary and Director of ADS. Defendants Michael Smiley and John Smiley are alleged to be 68.89% shareholders and 31.11% shareholders of ADS, respectively. Defendants argue in support of their motion that because defendants are employees and owners of the corporation, plaintiffs have failed to allege a distinct enterprise and cannot state a claim under §1962(c). The Court finds this argument to be without merit, and at odds with recent Supreme Court precedent.

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise...to conduct or participate...in the conduct of such enterprise's affairs" through

---

[1] Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1961 et seq.

the commission of two or more statutorily-defined crimes, which RICO calls a "pattern of racketeering activity." In order to establish liability under §1962(c), one must plead and prove the existence of two distinct entities: a "person" and an "enterprise," and the latter may not be merely the same "person" referred to by a different name. Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001).

In Cedric Kushner, the Supreme Court held that a corporate owner or employee, a natural person, is "distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." Id. at 163. Defendants' attempt to limit this Supreme Court decision to its facts [involving boxing promoter Don King as the "sole owner" of the corporate "enterprise"] is unsupported by the text and rationale of the opinion. For instance, the Supreme Court held that "[a] corporate employee who conducts the corporation's affairs through an unlawful RICO 'pattern...of activity'...uses that corporation as a "vehicle" whether he is, or is not, its sole owner." Id. at 164-65.

Defendants' reliance on cases presenting other scenarios is unavailing. For instance, the Supreme Court in Cedric Kushner distinguishes one case defendants cite, Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 344 (2nd Cir. 1994), as presenting "quite different circumstances," namely a claim that the corporation was the "person" and the corporation together with its

3

employees and agents constituted the "enterprise." Cedric Kushner, 533 U.S. at 164. Brittingham v. Mobil Corporation, 943 F.2d 297 (3rd Cir. 1991), is likewise inapposite, involving as it does an "enterprise" pled as an association of individuals and entities conducting the normal affairs of a corporate defendant "person." The Brittingham court itself noted that "individual defendants, in contrast to collective entities, are generally distinct from the enterprise through which they act." Id. at 302.[2] The Court concludes that plaintiffs' pleading of the corporation as the "enterprise" and the individual employee defendant and individual owner defendants as "persons" subject to RICO liability satisfies the distinctiveness requirement.

Next defendants challenge the sufficiency of plaintiffs' pleading of a conspiracy in support of Count II, the §1962(d) claim, specifically arguing that where conspirators are officers or employees of a corporation, plaintiffs must allege that the conspirators acted for their own benefit and not merely on behalf of or for the benefit of the corporation. This requirement is readily met by the complaint's allegation that the money wrongfully withdrawn from Cox Industrial's corporate bank account was diverted

---

[2] Defendants' other citations are no more on point. Lorenz v. CSX Corporation, 1 F.3d 1406 (3rd Cir. 1993), addresses the distinctiveness issue with regard to parent corporations and subsidiaries. Bachman v. Bear, Stearns & Company, Inc., 178 F.3d 930 (7th Cir. 1999), holds that a loose-knit association of entities cannot constitute a RICO "enterprise" where it involves no organization beyond an alleged conspiracy to commit fraud.

by defendants "for Defendants' personal use."  First Amended Complaint [Doc. #13], ¶11, p.4.  Defendants' challenge to Count II predicated on the dismissal of Count I, and challenge to the state law claims in Counts III, IV and V predicated on the dismissal of both RICO counts, obviously fail in light of the Court's rejection of those predicate arguments.

Finally, defendants argue that the state law claims in Counts III, IV and V are subject to dismissal because plaintiffs have not made allegations sufficient to "pierce the corporate veil" and reach defendants individually.  If the contract for services was entered into by ADS, the individual liability of the defendants on the breach of contract claim in Count III would require piercing the corporate veil.  At this stage of the proceedings, plaintiffs' allegation of the defendants' control and complete domination of ADS's policy and business practices, leaving the corporate entity no separate mind or existence of its own, is adequate to survive a motion to dismiss Count III.  <u>Patrick v. Koepke Construction, Inc.</u>, 118 S.W.3d 311, 314 (Mo.App. 2003).

Count IV for breach of fiduciary duty alleges that each of the defendants was a fiduciary of plaintiffs.  Whether or not this legal conclusion is ultimately borne out by the facts, the allegation supports a claim for breach of fiduciary duty against defendants individually.  Furthermore, by incorporating by reference paragraphs 30-32 of the first amended complaint, Count IV

contains the allegations of domination and control necessary to support piercing the corporate veil.

Plaintiffs' allegations of defendant Angela Smiley's personal wrongful conduct are adequate to state a claim against her for fraud, as pled in Count V. Count V's fraud claim as against Michael Smiley and John Smiley appears to be premised on the allegation that, in making misrepresentations to plaintiffs, Angela acted "on behalf of" the other defendants. Under Missouri law:

> a party not actually making the fraudulent representation is liable if he accepted the benefits of the transaction and had either actual or constructive knowledge at the time of the fraud, or at the time he accepted the benefits, that fraud had been committed.

Fallert Tool & Eng'g Co. v. McClain, 579 S.W.2d 751, 756 (Mo.App. 1979), *cited in* Chong v. Parker, 361 F.3d 455, 458 (8th Cir. 2004). The motion now before the Court does not discuss the viability of such a theory for Count V's claims against Michael Smiley and John Smiley. Furthermore, as with Count IV, Count V incorporates by reference the allegations of paragraphs 30-32 in support of a theory of piercing the corporate veil. For all these reasons, the Court is not persuaded to grant the instant motion with respect to Counts III, IV and V.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiffs' first amended complaint [Doc. #17] is denied.

Dated this    27th    day of September, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE